### KINNE v. MEYER.

*(Supreme Court, General Term, First Department. June 6, 1890.)*

**JUDGMENT BY DEFAULT—OPENING—SERVICE OF PROCESS.**

> A judgment by default rendered against defendant, who swears that he was at his residence in New Jersey at the time summons was alleged to have been served on him in New York city, and who is supported by eight witnesses, will be opened so far as to enable him to appear and defend, though four witnesses for plaintiff directly contradict defendant, and swear that service was made as alleged.

Appeal from special term, New York county.

Action by George P. Kinne against Jacob Meyer for alienating the affections of plaintiff's wife. Plaintiff obtained judgment by default. Defendant moved to vacate the judgment because he had never been served with process. From an order denying his motion, defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Stimson & Williams,* (*William Pierrepont Williams,* of counsel,) for appellant. *H. T. Marston,* (*Albert I. Sire,* of counsel,) for respondent.

BRADY, J. The question presented for the consideration of the court below was one of fact; namely, was the summons served upon the defendant? The defendant denies it, and sustains his denial by evidence showing him to have been at his place of residence in New Jersey at the time the service is alleged to have been made in this city. These affiants number nine, including the defendant, to which is superadded affidavits of the defendant's character as a good and reputable man by persons who have known him long and well; one being the president of a bank, and another the surrogate of Essex county, N. J. The plaintiff sustains his asseveration that the service was made by four persons, whose depositions relate directly to the subject, and by others, some of which relate to the good character of some of the affiants on

his behalf, who are assailed by contradictions. The number of depositions thus arrayed on both sides amounts to 25 and upwards, and on this mass of conflicting statements the learned judge in the court below was asked to determine the question suggested. He decided it in favor of the plaintiff; but, as no opinion was delivered, we have not the benefit of his views. He did not have the advantage of hearing the proofs and of seeing the witnesses, and neither party had the benefit of a cross-examination. The action is for a wrong done, and the damages were assessed by a sheriff's jury on a default. It is thought, on such a motion, marked by such extraordinary elements, one of two modes should have been adopted; namely, a reference to examine and report upon the truth of the alleged service or the retention of the judgment as security, but opening it so far as to enable the defendant to appear and defend. This protects the plaintiff's rights, if he have any, secured by the asserted service of the summons, and the defendant's rights, whatever they may be, by giving him the opportunity to respond to the charge made against him. For these reasons the order appealed from should be modified by inserting in it the provision suggested, namely, opening the judgment so far as to enable the defendant to appear and defend, but allowing it to remain as security, without costs to either party. Ordered accordingly. All concur.